UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| IN RE | |
| ALYSSA S. PETERSON | : CHAPTER 13 |
|     DEBTOR | : CASE NO. 10-23429(asd) |
| | : |
| LAURELHART CONDOMINIUM | : |
| ASSOCIATION, INC. | : |
| Movant | : |
| | : |
| v. | : |
| | : |
| ALYSSA S. PETERSON, AND | : |
| MOLLY T. WHITON, TRUSTEE | : April 3, 2013 |
| Defendant | |

### OBJECTION TO RELIEF FROM STAY

The Defendant Debtor herein moves this Court to deny the Movant's Motion for an Order for Relief from Stay pursuant to 11 U.S.C. Section 362(a) ("Stay") (Doc ID #228), and represents as follows:

1. Movant filed a prior Motion for Relief from Stay, ECF Doc# 147 on January 5, 2012 and a hearing was held on March 8, 2012.

2. At said hearing, the Debtor demonstrated that payment for post-petition condo association fees were withheld because a duty was owed by the Movant for ongoing repairs to the exterior roof and interior of the unit (see **Exhibit A**, Association letter from 2006 referencing Movant's counsel letter from 2002.)

1

3.  As a compromise to these claims, the Court (Dabrowski, J.) instructed the Debtor to pay the condo association fees and also instructed the Movant to investigate and remedy the repair issues.

4.  The Creditor Movant did not uphold its duty to the Debtor regarding repairs following the Debtor's ordered payment and instructions from the Court.

5.  The property continues to suffer damage and diminish in value due to the Movant's inaction, and Debtor's rental income that is used for her Chapter 13 estate is in jeopardy.

6.  Since 1990, the Debtor has hired multiple attorneys to resolve the numerous leaks associated with the rooftop unit of G-7, but despite repeated representations that the problem would be rectified, no permanent solution has been effected by the Movant.

7.  The Debtor must repeatedly hold fees, hire attorneys or attempt legal action, otherwise repairs are not made.

8.  Movant's counsel has received some of the letters regarding roof repair from Debtor's prior counsel.

9.  At the hearing on March 8, 2012, Movant's counsel represented to the Court that the Movant would honor their responsibility (see Transcript Excerpt attached as **Exhibit B**).

10. The latest damage reported in 2010, is so bad that the bedroom ceiling was falling and damage spread to bedroom walls, bathroom walls, and living room ceiling and walls.

11. The Debtor acknowledges post-petition condo fees are due.

12. The Debtor wants to move forward with a hearing so the Court (Dabrowski, J.), can briefly review past legal correspondence and be shown photos demonstrating the Movant's failure to follow the court's instructions.

13. At said hearing, the Debtor will request some form of escrow agreement for the post-petition fees until the following is completed: 1) make certain exterior repairs; 2) make certain interior repairs and restoration; 3) obtain an engineering opinion; and, 4) issue a warranty for future repairs and/or restoration.

14. Debtor further seeks reimbursement or an alteration to claim for any legal fees related to the March 8, 2012 hearing and the April 4, 2013 hearing.

WHEREFORE, the Debtor is requesting that the hearing for Relief from Stay go forward and that the Movant's Motion be denied and that escrow stipulations be ordered until problems are permanently rectified, and repairs and renovations are completed.

FOR THE DEFENDANT DEBTOR,
ALYSSA S. PETERSON

/s/ Anthony S. Novak
Anthony S. Novak
Fed. Bar #ct09074
Attorney for the Debtor
Novak Law Office, P.C.
280 Adams Street
Manchester, CT  06042
Tel: 860-432-7710
Anthonysnovak@aol.com

CERTIFICATION

I hereby certify that a copy of the foregoing was served via Notice of Electronic Filing for parties or counsel who are registered filers this 3rd day of April, 2013 to:

Office of the U.S. Trustee
150 Court Street
New Haven, CT 06510

Molly Whiton, Esq.
10 Columbus Blvd.
Hartford, CT 06106

Howard Rosenberg, Esq.
Rosenberg & Rosenberg
920 Farmington Ave.
West Hartford, CT 06107

/s/ Anthony S. Novak
Anthony S. Novak

               Document      Page 5 of 10

Laurelhart Condominium
Association, Inc.
230-232 Farmington Avenue
Hartford, CT 06105

July 31, 2006

Alyssa Peterson
297 Grandview Terrace
Hartford, CT 06114

Re:   Laurelhart Condominium Association, Inc.
      Units B3 and G7

Dear Ms. Peterson:

The purpose of this letter is to act as official acknowledgement of the Laurelhart Condominium Association's ultimate responsibility, as exercised through its Board, for ongoing water leaks and resulting damage to your Unit G7, 232 Farmington Avenue. Such responsibility has previously been acknowledged in letters from two different Board attorneys and such responsibility will carry forward to any owner that succeeds you.

We have collectively reached agreement in the amount of $2,478.70 to settle your recent claim for ongoing damages due to roof leaks over your unit. This amount, in full, has been applied to the common charge accounts of Units B3 and G7, bringing them both current through July 2006.

If future damage repair becomes necessary to the interior of Unit G7, it will be carried out in an expeditious manner, as indicated in the letter from Attorney Rosenberg dated March 22, 2002, and the Board will ensure that such repairs are taken care of by management company staff or licensed professionals within one month of their occurrence.

Finally, this is to notify you that while the Board has obtained bids and hired a licensed professional to repair and re-tar the upper roof, we cannot guarantee this will prevent future leaks that may occur due to problems with the upper roof drain. Therefore, please be advised we will continue to monitor any upper roof leaks as they potentially arise, but there may come a time when more serious technical repairs are necessary requiring physical access to the drain through your unit. In the event that there is the potential for "Loss of Use" of the unit due to a more serious leak or drain repair, the Board will not agree to such a claim unless its management company is in receipt of a letter from Licenses and Inspections of the City of Hartford stating that the bedroom may be inhabited while repairs are ongoing.

Again, this letter shall act as settlement for your most recent claim and as an operating agreement for moving forward as the Board attempts to responsibly conclude ongoing problems with the upper roof on behalf of the Laurelhart Condominium Association.

Respectfully,
Board of Directors
Laurelhart Condominium

EXHIBIT A

53

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF CONNECTICUT


In Proceedings Under Chapter 13

Case Number:   10-23429

- - - - - - - - - - - - - - - - - - - -

In the Matter of:

    ALYSSA S. PETERSON,

                Debtor.

- - - - - - - - - - - - - - - - - - - -


      Excerpts of the Hearing on

Doc # 14, 37, 49, 52, 85, 95, 100, 110, 137,

          141, 147, 152


        March 8, 2012


H e l d    B e f o r e:

    The Hon. ALBERT J. DABROWSKI,

      U.S. Bankruptcy Judge

EXHIBIT B

```
 1  A p p e a r a n c e s:
 2      For the Debtor:
 3          LOBO & NOVAK, LLP
 4          280 Adams Street
 5          Manchester, Connecticut   06042
 6          (860) 645-0006
 7          By:   ANTHONY S. NOVAK, ESQ.
 8
 9
10      For Laurelhart Condominium Association,
11      Inc:
12          Rosenberg & Rosenberg
13          920 Farmington Avenue, Suite 204
14          West Hartford, Connecticut   06107
15          (860) 236-2365
16          By:   HOWARD S. ROSENBERG, ESQ.
17                pcanny@rosenberglawgroup.com
18
19
20
21
22
23
24
25
```

3

1   (The following was transcribed
2   from a digital sound recording.)
3
4   3:50:34 p.m.
5   * * *
6
7   MR. ROSENBERG: Your Honor, in
8   just reviewing that letter, I've never seen
9   that. That came directly from the board of
10  directors.
11  THE COURT: Right. But you've
12  seen it now.
13  MR. ROSENBERG: Yes, your
14  Honor.
15  THE COURT: Does it appear on
16  its face to reflect the position that they
17  accept responsibility for fixing the leak and
18  in -- the roof and intended to do so?
19  MR. ROSENBERG: Absolutely,
20  your Honor.
21  THE COURT: Okay. Have they?
22  MR. ROSENBERG: It was my
23  understanding that they had. I don't have
24  anything, and I don't know that -- if
25  opposing counsel has anything since 2006 that

5

1 tendering of the payment of 3,067 --
2 $3,067 in good funds within the ten-day
3 period provided under 4001(a)(3).  So
4 ordered.
5          (End of transcription at
6 4:06:20 p.m.)
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

6

## CERTIFICATE

I hereby certify that the foregoing 5 pages are a complete and accurate transcription of excerpts from a digital sound recording of the HEARING ON Doc #14, 37, 49, 52, 85, 95, 100, 110, 137, 141, 147, 152, Case Number 10-23429, ALYSSA S. PETERSON, Debtor, which was held before The Hon. ALBERT S. DABROWSKI, United States Bankruptcy Judge, at the United States Bankruptcy Court, 450 Main Street, Hartford, Connecticut, on March 8, 2012.

I further certify that the sound recording was transcribed by employees of the Word Processing Department of United Reporters, Inc., under my direction.

_____
Guy B. Raboin, President
Notary Public
UNITED REPORTERS, INC.
90 Brainard Road, Suite 103
Hartford, Connecticut   06114