UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | CASE NO. 10-23429 (ASD) |
| ALYSSA S. PETERSON, ) | CHAPTER 13 |
| DEBTOR. ) | RE: ECF Nos. 255 & 269 |

**BRIEF MEMORANDUM OF DECISION AND ORDER
ON DEBTOR'S OBJECTION TO CLAIM**

**I.    INTRODUCTION**

Presently before the Court is the *Debtor's Objection to Claim #12 Filed by 224-240 Church, LLC* (hereinafter, the "Objection"), ECF No. 255, objecting to Proof of Claim No. 12 (hereinafter, the "Claim" or "Debt") filed by 224-240 Church, LLC (hereinafter, "Church LLC") on March 7, 2013 and Church LLC's *Reply to Objection to Claim* (hereinafter, the "Reply"), ECF No. 269. On July 30, 2013, a hearing on the Objection and Reply was held (hereinafter, the "Hearing") at which certain documentary evidence was admitted into evidence and the Court heard the testimony of the Debtor. For the reasons stated briefly hereinafter the Objection shall be sustained.

**II.    BACKGROUND**

On October 5, 2010 (hereinafter, the "Petition Date"), Alyssa Peterson (hereinafter, the "Debtor") commenced the instant bankruptcy case by filing a voluntary petition under Chapter 13 of Title 11, United States Code, and on March 8, 2013, the Debtor's *Fifth*

*Amended Chapter 13 Plan* (hereinafter, the "Plan") was confirmed.[1] Within the Plan, the Debtor lists Church LLC as having a secured claim for delinquent property taxes in the amount of $6,273.94, a monetary amount generally consistent with the Claim.[2] The Plan notes however, that the Claim is disputed and subject to reduction either upon the Debtor's objection to be filed thereafter or by agreement of the parties. Through the Objection, the Debtor takes specific issue with Church LLC claiming certain costs and attorney's fees relating to a foreclosure action filed December 20, 2010, in the Superior Court for the State of Connecticut at Hartford, Docket No. HHD-CV-11-6017329-S (hereinafter, the "Foreclosure Action").[3]

The Claim springs from the Debtor's failure to pay property taxes to the City of Hartford for the 2004, 2006 and 2007 Grand Lists, resulting in the City of Hartford causing tax liens (hereinafter, the "Tax Liens") to be recorded against the Debtor's residential rental property located at 230 Farmington Avenue, Unit B-3, Hartford, Connecticut (hereinafter, the "Property"). On a date prior to the Petition Date the Tax Liens were assigned to an entity known as American Tax Funding, LLC (hereinafter, "ATF"), and on March 16, 2010, were further assigned to Church LLC.

---

[1] The present Chapter 13 bankruptcy case was preceded by the Debtor's commencement on June 23, 2010, of Case No. 10-22129 (hereinafter, the "First Bankruptcy Case"), also filed under Chapter 13. The First Bankruptcy case was dismissed on July 30, 2010.

[2] Claim No. 12 was amended on four occasions. The Debtor actually objected to the third amended claim filed February 12, 2013, in the amount of $6,273.94 but a fourth amended claim was thereafter filed on March 7, 2013, increasing the amount of the claim to $6,286.72 and is actually designated on the Claims Register as Claim No. 12-5. In light of the Court's decision in this matter, the difference is immaterial and the Court will treat the objection as if it were filed to the most recently filed claim.

[3] The outstanding amount of the tax is $852.80. The balance of the claim consists of accrued interest on the tax, lien fees, fees in connection with the Foreclosure Action and attorney's fees.

On July 22, 2010, Church LLC, through its counsel, sent a collection letter (Hearing Exhibit 1) (hereinafter, the "Collection Letter") addressed to the Debtor and Paul H. Grady (hereinafter, "Grady"),[4] to the Property address, noting in the initial paragraph that it was "(the 'Creditor')" related to the Tax Liens and further stating, *inter alia*,

> **NOTICE: UNLESS YOU, WITHIN THIRTY DAYS AFTER THE RECEIPT OF THIS NOTICE, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY US. IF YOU NOTIFY US IN WRITING WITHIN THE THIRTY DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT . . . AND A COPY OF SUCH VERIFICATION . . . WILL BE MAILED TO YOU.**

Hearing Exhibit 1, ¶4.

On or shortly before August 21, 2010, the Debtor received a copy of the Collection Letter from Grady and, thereafter, faxed, on August 23, 2010, a letter dated August 21, 2010, to counsel for Church LLC stating, *inter alia*, "I'm not sure how to respond to the [Collection Letter] except to ask of the validity of your claim, your representation, and your client," further requesting "[a]s a courtesy, please do not take any action until you hear from me" and also stating "[f]or future reference, please direct any correspondence in care of [297 Grandview Terrace, Hartford, CT 06114]" (her home address).[5] Hearing Exhibit 2. On September 17, 2010, Church LLC, through the office of its counsel, responded in a letter stating:

> In regards to your letter faxed to your office on August 23, 2010, we have not received a phone call or any correspondence as noted in the letter. At this time our office will be proceeding with the foreclosure action."

---

[4] Grady was a tenant at the Property.

[5] Notwithstanding the Debtor's August 23, 2011 faxed letter, which can only be read as challenging the validity of the debt, Church LLC never provided to the Debtor a verification of the debt.

Hearing Exhibit 3.

At the Hearing, the Debtor testified credibly that as part of her investigation into the validity of the Claim as alleged in the Collection Letter, she personally checked the City of Hartford land records, and failed to discover any lien(s) recorded against the Property other than by the City of Hartford and ATF, and, therefore, believed Church LLC did not have a claim related to her bankruptcy estate.[6] Accordingly, and as previously noted, the Debtor commenced the instant bankruptcy case on October 5, 2010, without listing on her schedules Church LLC as a lien holder on to the Property.

On December 20, 2012, with a Return Date of January 4, 2011, Church LLC initiated the Foreclosure Action in the Connecticut Superior Court. The Debtor testified credibly that she was not served in connection with the Foreclosure Action but acknowledged she otherwise became aware of it on or about January 7, 2011, when she filed in the Foreclosure Action a Motion for Continuance citing Connecticut Practice Book §14-1.[7] The Motion for Continuance was denied that same date in an Order of the

---

[6]On a date shortly following the February 11, 2011 appearance of Attorney Novak as her counsel, the Debtor and her counsel reviewed together the land records and noted the recording of Church LLC's lien. Thereafter, on March 3, 2011, the Debtor filed a proof of claim in the name of Church LLC, which was sent notice of the claim by the Clerk's Office on March 31, 2011, ECF No. 61. On February 14, 2013, the Debtor amended her schedules to reflect the lien. *See* ECF No. 222.

[7]Conn. Practice Book §14-1 provides:

"When a claim for a statutory exemption or stay by reason of bankruptcy is filed, it shall be accompanied by an affidavit setting forth the date the bankruptcy petition was filed, the district of the bankruptcy court in which it was filed and the address, the name of the bankruptcy debtor and the number of the bankruptcy case.
When the stay has been relieved or terminated, the plaintiff, the person filing the petition, or any other interested party shall file with the court a copy of the relief or termination of stay issued by the bankruptcy court."

4

Connecticut Superior Court providing in part:[8]

> If the Movant . . . has filed a bankruptcy petition with the U. S. Bankruptcy court, then she should file in this case a Motion for Stay, with both an affidavit concerning said filing and a photo copy of the stamped first page of said filing attached to the motion to stay. See P.B. § 14-1 as to the requirements for said affidavit.

The Debtor testified credibly that commencing in late August, 2010, and on several occasions thereafter, both before and after the filing of the instant bankruptcy case, she advised counsel for Church LLC of the filing of the First Bankruptcy Case (dismissed on July 30, 2010), her intention to file again, and the filing of the instant bankruptcy case.[9] *Inter alia*, as evidenced by the Debtor's letter dated August 21, 2010 (Hearing Exhibit 2), as well as the Debtor's testimony, these conversations and the relationship between the Debtor and counsel for Church LLC cannot be described as pleasant or courteous.[10]

At all relevant times up to the February 18, 2011, Appearance of Anthony S. Novak as counsel for the Debtor, ECF No. 56, the Debtor was proceeding *pro se.* Counsel for Church LLC, Gary J. Green, as he represented on the Hearing record, is an experienced bankruptcy lawyer who regularly appears before this Court.

---

[8]The Connecticut State Court Docket related to the Foreclosure Action (through March 22, 2011) was introduced in evidence at the Hearing as Hearing Exhibit A. At the conclusion of the evidentiary portion of the Hearing, the January 7, 2011 Order (Order No. 409859) denying the Motion for Continuance referenced herein was accessed and judicially noticed by the Court without objection. A copy of the Motion for Continuance was provided to the Court by counsel for Church LLC and, with consent of Debtor's counsel, noted on the Hearing record, shall be filed and marked as fully admitted Hearing Exhibit D in this proceeding.

[9]During this period, on specific dates she could not recall, the Debtor made a number of calls to counsel for Church LLC, speaking to counsel or his staff.

[10]For example, in the August 21, 2010 letter (Hearing Exhibit 2) the Debtor *alleges* counsel's "involvement in an attempted illegal sale of condos", the possession of transcripts "in which the judge admonished you for your conduct" and closes with the statement "I have not forgotten our last dealings." Such superfluous and inflammatory language is hardly a model of an appropriate exchange in the course of raising questions concerning the validly of a claim.

### III.  DISCUSSION

Against this somewhat detailed background, the discussion and resolution of the Objection is brief.  There is no support for Church LLC's assertion that "[a]t the time the Debtor filed the instant bankruptcy proceeding, she had actual, irrefutable knowledge that Church . . . had a claim against her for delinquent property taxes." Reply, ¶20. Notwithstanding her receipt of the Collection Letter, having received no verification of the debt, *see* fn 5, *supra*, and having personally checked relevant land records of the City of Hartford without then discovering liens on the Property other than those of the City of Hartford and ATF, the Debtor had a good faith belief when commencing the present bankruptcy case that Church LLC did not have to be listed in her schedules as a creditor with a lien against property of the bankruptcy estate.

Prior to commencing the Foreclosure Action, counsel for the Debtor, had been advised by the Debtor of the commencement of the instant bankruptcy case. *See* fn 9, *supra*. Moreover, while there was noncompliance by the Debtor with the technicalities of Connecticut Practice Book § 14-1, the Motion for Continuance and Order provided clear evidence of the Debtor's claim that a bankruptcy case triggering the automatic stay existed.[11] Counsel for Church LLC, an experienced bankruptcy attorney, was well aware of the effect of the automatic stay of Bankruptcy Code Section 362(a), was noticed of the Motion for Continuance and the Superior Court Order denying that Motion, *see* certification of service on the Motion for Continuance, and the notation "Judicial Notice (JDNO) was

---

[11] The Debtor's non-compliance with Connecticut Practice Book § 14-1, and the resultant denial of the Motion for Continuance by the Connecticut Superior Court, does not operate to nullify, vacate or modify the automatic stay of Bankruptcy Code §362(a).

sent regarding this order" on the Order. While it appears that animosity between that counsel and the Debtor may have colored in his mind the Debtor's credibility as to many statements the Debtor made to him including those related to her bankruptcy status and filings, and he may simply have not read the Motion for Continuance and related Order, he ignored those statements and documents at his peril.

### IV.  CONCLUSION AND ORDER

In light of the above, and as the October 5, 2010, filing of the petition in this case triggered the automatic stay of §362(a) staying the commencement and continuation of the Foreclosure Action,[12]

**IT IS HEREBY ORDERED** that the *Debtor's Objection to Claim #12 Filed by 224-240 Church, LLC*, ECF No. 255 is **SUSTAINED**, and

**IT IS FURTHER ORDERED** that Proof of Claim No. 12-5, filed by 224-240 Church, LLC, is **DISALLOWED** in the amount of $6,286.72 and **ALLOWED** in the original Tax Lien amount of $852.80 plus statutory interest of 18%, calculated in accordance with Conn. Gen.Stat. §12-146, plus $72.00 in lien fees.

Dated: August 1, 2013                                       BY THE COURT

*Albert S. Dabrowski*
Albert S. Dabrowski
Chief United States Bankruptcy Judge

---

[12] Church LLC did not seek and did not obtain relief from the automatic stay pursuant to §362(d) by this Court.