UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

**FILED**

2018 AUG 16 P 2: 50

CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD

In re:

Alyssa S. Peterson, Debtor         :    Chapter 13

:    Case No. 10-23429
:    August 16, 2018

RE: ECF 656 and 658

### CORRECTED MOTION for ORDER TO SHOW CAUSE

The Debtor and Movant Alyssa Peterson, acting on her own in this motion, respectfully moves this Court to re-open this case and review the accounting of assets brought to the estate, per Final Report at **ECF Doc 656** and for issuance of an **ORDER** directing current new Chapter 13 Trustee Roberta Napolitano to appear with her practice manager Patrick Crook, along with the Office of the U.S. Trustee, Kim McCabe, and **show cause** as to the following:

1.    Why is the $25,000 in check proceeds of A to Zee LLC funds that were derived of settlement in HHD-CV-11-5035394-S *Peterson v. Hume et al.* and brought to the former Trustee Molly Whiton and court **EXACTLY AS THE PRIOR COURT ORDERED (Dabrowski, J.)** in **ECF Doc 215**, either not referenced as "failed to be received" by former Trustee Whiton or shown as "exempted" by the former Trustee Whiton in the Final Accounting report, **ECF 656**?

> [Note: These funds had been reduced to a check payable to A to Zee LLC as judicially admitted by counsel at 2:20:15 of **ECF 409 and 629**, and were the result of Debtor litigation and collection efforts for which the Court (Dabrowski, J.) wanted Debtor oversight on behalf of the Chapter 13 estate, which concerns and oversight were the subject of hearing in Chapter 7 Case #11-20003, *In Re: Woldeyohannes, Hannah, Debtor*, at ECF 90 and 98, Hartford Division, District of Connecticut.]
> (**** This is correction****)

2.    On what legal basis pursuant to bankruptcy code 11 U.S.C. §§ 323(a), 541, 542 and 1302(b), is the current office of the Chapter 13 Trustee exempting or failing to document estate assets of $25,000 of A to Zee LLC check proceeds, which resulted from collection and

1

settlement efforts that were the subject of Court jurisdiction (Dabrowski, J.) in the aforementioned Chapter 7 case (#11-20003, *In Re: Woldeyohannes*) and further ordered for court oversight (Dabrowski, J.), <u>which future monies were a recognized asset (legal action) of the approved Chapter 13 estate</u> at **pgs. 2 and 3, ECF Doc 245** and per hearing at **ECF Doc 437**.

3.    Was the offer of a discharge due to "collection hardship" that was previously offered to Debtor's counsel, the result of errors acknowledged during Trustee Napolitano's review of former Trustee Whiton's office, or due to lack of oversight and error by the U.S. Trustee Office in New Haven?

4.    Was the offer of a discharge due to "collection hardship" that was made to Debtor's counsel ever discussed with the Office of the U.S. Trustee in New Haven, because that office had certain knowledge and documents of how assets were being concealed from the Debtor AND from the court through "A to Zee LLC" (see Dabrowski, J., <u>Judgment</u>, October 31, 2012 at **ECF 32**, U.S. Bankruptcy Court, District of Connecticut, Hartford Division of *Tracy Hope Davis, United States Trustee for Region 2, Plaintiff, v. Hannah Woldeyohannes, Defendant*, Adversary Proc. No. 12-2021, **ECF 32**, and **ECF 55** in Case #11-20003, *In Re: Woldeyohannes, Hannah, Debtor*), and that office also had knowledge of bankruptcy dockets and of the Court's desire (Dabrowski, J.) for oversight of concealed "A to Zee LLC" assets or the Debtor's interest therein (court actions) for benefit of her estate? (see Chapter 7 hearings that resulted in the **ORDER at ECF 215** and the Plan at **ECF 245** pgs. 2-4)

**WHEREFORE,** the Debtor has learned that the bankruptcy court in Hartford regularly holds hearings for Motions for Reconsideration for self-represented Debtors similar to the former Court (Dabrowski, J.), and, the Debtor has further learned that the Bridgeport bankruptcy court took action against a non-performing Chapter 7 Trustee, which oversight has been missing in the

U.S. Office of the Trustee previously, e.g. performance problems resulting in suspension, removal, non-renewal, or jail time with Connecticut bankruptcy trustees, e.g. Germain, Daly, Mangan, Whiton, Chorches); and,

**WHEREFORE,** this Court (Nevins, J.) has been witness to the lack of diligence, preparedness or problem-solving exhibited by the former Chapter 13 Trustee Molly Whiton and her office in this specific Chapter 13 case, which office remains largely intact under new Chapter 13 Trustee Napolitano, i.e. same staff, same records and record-keeping, same problems.

It obvious that the sworn Final Accounting Report at **ECF Doc 656** from the current Chapter 13 Trustee or her office, is knowingly false and/or inaccurate. **SOMEONE**, whether it be the U.S. Office of the Trustee in New Haven, Trustee Napolitano or Attorney Patrick Crook and staff, knows what happened or should have happened with $25,000 of A to Zee LLC check proceeds, why former Trustee Whiton chose not to act whatsoever on behalf of the Chapter 13 estate relative to those check proceeds per Court **ORDER at ECF 215**, and why that is not being acknowledged in **ECF 656**. Otherwise, there would have been no prior offer of a discharge with hardship for collection failure. The Debtor respectfully requests that due process be accorded her in this serious matter, relative to her prior Motion for Reconsideration of **Order at ECF 658**.

THE FOREGOING IS REPRESENTED BY THE
DEBTOR TO BE TRUE AND ACCURATE

Respectfully,

*[signature]*

_____
Alyssa Peterson, Debtor Pro Se
297 Grandview Terrace
Hartford, CT 06114
Cell: (860) 490-0895
email: alyssa.peterson@att.net

## CERTIFICATE OF SERVICE

I hereby certify that the Motion contained herein will be sent electronically via email following filing to:

Roberta Napolitano, Chapter 13 Trustee
10 Columbus Blvd.
Hartford, CT 06103

Office of the U.S. Trustee
265 Church Street, #1103
New Haven, CT  06510

_____
Alyssa S. Peterson

4